**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LAWRENCE M. ZEWIEY,**

    **Petitioner,**

**v.**                                            **Case No. 4:22cv017-WS/MAF**

**SECRETARY, DEPARTMENT OF
CORRECTIONS,**

    **Respondent.**

**_____/**

## REPORT AND RECOMMENDATION

On or about January 6, 2022, Petitioner Lawrence M. Zewiey, a state inmate proceeding pro se, filed a petition requesting a "Writ of Mandamus." ECF No. 1. Petitioner has not paid a filing fee or submitted a motion for leave to proceed in forma pauperis. *See id*.

As an initial matter, this Court cannot grant mandamus relief in a case such as this as, by statute, federal mandamus is available only to compel "an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, Dekalb Cnty Super. Ct., 474 F.2d 1275, 1276 (5th Cir. 1973).

From a review of Petitioner's hand-written filing, he actually appears to be seeking habeas relief, specifically immediate release from prison due to the imposition of an illegal sentence or the miscalculation of his sentence by the Department of Corrections. See ECF No. 1. Among other things, he asserts he was "forced into an open plea without understanding." Id. at 2-3. He also references a Rule 3.800(a) motion he filed in the Fifth Judicial Circuit, Citrus County, id. at 3, 7-12, which that court denied on December 20, 2021, id. at 13-16.

Assuming Petitioner is seeking federal habeas relief, a review of the website for the Florida Department of Corrections reflects that he is incarcerated pursuant to a state court judgment and sentence from Citrus County, Florida. See www.dc.state.fl.us/offenderSearch. Citrus County is in the Middle District of Florida. See 28 U.S.C. § 89(b).

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration). Petitioner Zewiey is currently incarcerated at the Reception and Medical Center, in Lake Butler, Florida, which is in Union County. ECF No. 1 at 5. Union County is also in the Middle District of Florida. See 28 U.S.C. § 89(b).

Thus, if Petitioner Zewiey is seeking federal habeas relief, this Court does not have jurisdiction as it this is neither the district of conviction nor the district of confinement. In an abundance of caution, this petition should be transferred to the United States District Court for the Middle District of Florida. *Id.*; M.D. Fla. R. 1.04(a). See <u>Byrd v. Martin</u>, 754 F.2d 963, 965 (11th Cir. 1985); <u>Parker v. Singletary</u>, 974 F.2d 1562, 1582 (11th Cir. 1992).

Accordingly, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 19, 2022.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a**

**Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**